```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                      :
WILFRED EYEGHE,                                       :
                                                      :
                              Plaintiff,              :       14-CV-1914 (JMF)
                                                      :
          -v-                                         :       MEMORANDUM OPINION
                                                      :             AND ORDER
FRANCOIS THIERRY et al.,                              :
                                                      :
                              Defendants.             :
                                                      :
------------------------------------------------------------------------X
```

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #:_____
DATE FILED: 10/15/2014

JESSE M. FURMAN, United States District Judge:

Plaintiff Wilfred Eyeghe sues Defendants Francois Thierry and Covent, LLC ("Covent"), a limited liability company, for quantum meruit and breach of contract and for discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. In April 2013, Plaintiff entered an agreement with Defendant Thierry to undertake certain maintenance on the site of a building project. (Am. Compl. (Docket No. 16) ¶ 9 & Ex. A). Thierry paid Plaintiff $2,500 for his services. (Am. Compl. ¶ 10 & Ex. B). Plaintiff further alleges that he and Thierry agreed that Plaintiff would serve as Supervisor and Foreman on the project, for which he would receive a wage of $5,500 per week. (Am. Compl. ¶ 12). Plaintiff claims that he provided various services pursuant to that agreement for which he is now owed $60,000 in wages plus $25,000 in out-of-pocket expenses. (Am. Compl. ¶¶ 12-14). Plaintiff also alleges that during his work for Defendants he was subjected to racial epithets and other insensitive comments. (Am. Compl. ¶ 15). Defendants now move to dismiss the Amended Complaint for lack of subject-matter jurisdiction and for failure to state a claim, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Defs.' Mot. To Dismiss (Docket No. 19) ("Defs.' Mem.")). For the reasons set forth below, Defendants' motion is GRANTED.

Plaintiff's sole federal claim — brought under Title VII — fails as a matter of law for several reasons. First, to the extent that Plaintiff brings the claim against Thierry, it must be dismissed because there is no individual liability under Title VII. *See, e.g.*, *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (collecting cases). Second, to the extent that Plaintiff brings the claim against Covent, he fails to allege that Covent is an employer within the meaning of Title VII, let alone facts (namely, that Covent has fifteen or more employees) that would plausibly support such an allegation. *See* 42 U.S.C. § 2000e(b) (defining an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person"); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 504 (2006) (holding that Title VII's employee-numerosity requirement goes to the merits of a claim); *Quitoriano v. Raff & Becker, LLP*, 675 F. Supp. 2d 444, 453 (S.D.N.Y. 2009) (granting a motion to dismiss a Title VII claim where the plaintiff failed to allege that the defendant had employed fifteen or more employees). In the absence of such allegations, it cannot be said that Plaintiff has pleaded sufficient facts to state a facially plausible claim to relief under Title VII. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Second Circuit's decision in *Da Silva v. Kinsho International Corporation*, 229 F.3d 358, 365-66 (2d Cir. 2000), does not call for a different conclusion. In that case, the Court stated that "[t]he ultimate failure to prove . . . employer status" under Title VII "is not a ground for dismissing . . . for failure to state claim; it is a ground for defeating [plaintiff's] federal claim on the merits" — except where "the complaint shows on its face that the element of statutory coverage is lacking." That language, however, was *dictum*. Moreover, there is reason to question the soundness of the *dictum* following *Arbaugh*, *Twombly*, and *Iqbal*, insofar as the

Supreme Court has made clear, first, that a plaintiff must prove employer status to prevail on the merits and, second, that a plaintiff must show that success on the merits is plausible to survive a motion to dismiss.  In any event, this case does not involve an "ultimate failure to prove" employer status; it involves a complete failure to allege, even in conclusory fashion, that Covent qualifies as an employer for Title VII purposes.  *Cf. id.* at 365-66 (stating that the plaintiff had made "a non-frivolous claim that the defendant [was] a covered employer" insofar as her claim "alleged a violation by an employer that could plausibly be regarded with its parent company as a single employer, thereby potentially meeting the fifteen-employee requirement").  Accordingly, even if the *Da Silva dictum* applied, Plaintiff's claim would fail.

In the absence of Plaintiff's sole federal claim, the remaining claims — for quantum meruit and breach of contract — must also be dismissed.  First, although Plaintiff invokes the Court's diversity jurisdiction pursuant to Title 28, United States Code, Section 1332, the Amended Complaint fails to establish that the parties are completely diverse because it fails to allege anything about Covent's membership, let alone the citizenship of its members.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000) (holding that a limited liability company is deemed to be a citizen of each state of which its members are citizens); *see also, e.g.*, *European Cmty. v. RJR Nabisco, Inc.*, 764 F.3d 129, 143 (2d Cir. 2014) ("Section 1332 requires complete diversity between opposing parties.").  In his memorandum opposing Defendants' motion, Plaintiff asserts that he believes Thierry to be the only member of Covent.  (Pl.'s Opp'n Defs.' Mot. To Dismiss (Docket No. 20) 3).  But that belief is too little too late.  For one thing, Plaintiff may not supplement or amend his already amended complaint "by asserting new facts or theories for the first time in opposition to Defendants' motion to dismiss." *K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013).

For another, the Court previously advised Plaintiff of his failure to adequately plead Covent's citizenship, gave him an opportunity to amend, and explicitly warned that failure to remedy the defect would result in dismissal without further opportunity to amend. (Docket No. 11).

Finally, the Court declines to exercise supplemental jurisdiction pursuant to Title 28, United States Code, Section 1367 (which Plaintiff does not invoke in any event). Under that provision, a district court has discretion over whether to exercise jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Supreme Court and the Second Circuit have made clear, however, that, as a general rule, "when the federal claims are dismissed the 'state claims should be dismissed as well.'" *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Here, there is no basis to depart from that general rule. Plaintiff's state-law claims are only marginally related to his dismissed federal claim. And given the relatively early state of the case, the traditional "values of judicial economy, convenience, fairness, and comity" that the Court must consider, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), do not counsel in favor of exercising jurisdiction.

For the foregoing reasons, Defendants' motion to dismiss is GRANTED, and the Amended Complaint is dismissed in its entirety. The Clerk of Court is directed to terminate Docket No. 19 and to close the case.

SO ORDERED.

Date:  October 15, 2014
       New York, New York

_____
JESSE M. FURMAN
United States District Judge